**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TIFFANY RODRIGUEZ                                                                                       PLAINTIFF

v.                                          4:15CV00315-BSM-JTK

SALINE COUNTY DETENTION
FACILITY, et al.                                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Tiffany Rodriguez is an inmate confined at the Saline County Detention Facility (Jail), who filed this pro se 42 U.S.C. § 1983 action alleging inadequate medical care. (Doc. No. 1)  By Order dated June 15, 2015 (Doc. No. 5), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit.  However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed Plaintiff to amend her complaint. (Id.) Plaintiff filed an Amended Complaint (Doc. No. 7).

Having reviewed Plaintiff's Amended Complaint, the Court finds that it should be dismissed for failure to state a claim upon which relief may be granted.

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

## III. Facts and Analysis

Plaintiff alleges the nurse gave her ibuprofen when Plaintiff showed her a boil that had appeared. (Doc. No. 7, p. 4) However, when more boils appeared and Plaintiff asked the nurse for an antibiotic, the nurse replied that there were no antibiotics on the cart. (Id.) Two days later, Plaintiff filed a grievance, and seven days after the first boil appeared, she received an antibiotic. (Id.) She alleges that she suffered pain for eight days. (Id.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In addition, in order to support a claim for an Eighth Amendment violation, Plaintiff must allege that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994).[1] However, even negligence

---

[1]If Plaintiff is a pretrial detainee, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of her conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims.

in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

      The Court finds that Plaintiff's allegations against Defendant Nurse Jasmine do not rise to the level of deliberate indifference. She admits the nurse initially gave her ibuprofen, and later told Plaintiff there were no antibiotics on the cart. The fact that Plaintiff received antibiotics seven days after the first boil appeared does not in and of itself support a claim that Nurse Jasmine acted with deliberate indifference to a serious medical need. At most, Plaintiff alleges negligence, which does not support a constitutional claim for relief. See Estelle v. Gamble, 429 U.S. at 105-6.

---

Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to Plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In addition, as the Court noted in the June 15, 2015 Order, Defendant Saline County Detention Facility must be dismissed, because a Jail is not considered a "person" within the meaning of 42 U.S.C. § 1983. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

Finally, Defendants Fullerton and Wright should be dismissed, because Plaintiff does not allege any unconstitutional acts by these two Defendants.

## IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 23rd day of June, 2015.

_____
  JEROME T. KEARNEY
  UNITED STATES MAGISTRATE JUDGE